13-1125
Gonzalez Gonzalez v. Holder

BIA
Straus, IJ
A071 633 438

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand fourteen.

PRESENT:
        JOSÉ A. CABRANES,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

EDI FRANCISCO GONZALEZ GONZALEZ, AKA
EDIN FRANCISCO GONZALEZ GONZALEZ,
        *Petitioner,*

        v.                                13-1125
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:      Robert C. Ross, West Haven,
                     Connecticut.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney
                     General; Allen W. Hausman, Senior

**Litigation Counsel; Ann Carroll Varnon, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Edi Francisco Gonzalez Gonzalez, a native and citizen of Guatemala, seeks review of a February 25, 2013, decision of the BIA affirming the June 15, 2011, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edi Francisco Gonzalez Gonzalez*, No. A071 633 438 (B.I.A. Feb. 25, 2013), *aff'g* No. A071 633 438 (Immig. Ct. Hartford, CT June 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510,

513 (2d Cir. 2009). Because Gonzalez does not challenge the denial of CAT relief or the agency's findings regarding his fear of gang violence, we address only asylum and withholding of removal based on his claim of attempted recruitment by the Guatemalan military.

Gonzalez argues that recruiters' attempts to draft him into the Guatemalan army as a child, into a civil war that he politically opposed, constituted past persecution. Although compulsory military service does not generally constitute persecution, we have not addressed whether conscription in violation of national or international laws (as may be the case with child soldiers) is an exception to that rule. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir. 2005). We have carved out one exception to the rule that may also apply here, for conscientious objectors to conscription into an army that commits human rights abuses. *See id.*

Nevertheless, we do not reach those issues because, even assuming past persecution, the agency reasonably found any well-founded fear of future persecution rebutted by a fundamental change in circumstances: the end of the Guatemalan civil war almost 20 years ago. *See* 8 C.F.R. § 1208.13(b)(1) (providing that past persecution forms

3

*rebuttable* presumption of future persecution).  That finding was supported by Gonzalez's own confirmation that the war had ended twenty years prior to his merits hearing and the lack of any mention of an ongoing war in the 2009 State Department Country Report.  *See* 8 U.S.C. § 1252(b)(4)(B) (providing that an IJ's factual findings will be upheld unless a reasonable adjudicator would be compelled to conclude to the contrary).  Due to Gonzalez's failure to establish a well-founded fear of persecution, the agency did not err in denying asylum and withholding of removal.  *See* 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(i)(A).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4